## OWNERSHIP OF FUNDS BEQUEATHED FOR THE BENEFIT OF COUNTY INFIRMARY INMATES.

[Common Pleas Court of Lorain County.]

STATE OF OHIO v. H. H. FORBES AND W. C. PRINDLE.*

Decided, May 8, 1906.

*Criminal Law—Allegations as to Ownership—Under a Charge of Embezzlement—Devise to Directors of County Infirmary—For Benefit of Inmates of Infirmary.*

Funds were bequeathed as follows, to-wit: "All the rest and residue of my estate, I give, devise and bequeath to the directors in trust and their successors in office of the Lorain County Infirmary, to be used by them to the best interests in caring for the poor and inmates of said infirmary."

*Held:* That said funds did not become the property of Lorain county, and that an indictment which set forth the above bequest, and charged the infirmary directors with embezzlement of said funds as funds of Lorain county, did not properly allege ownership of the property, and that a demurrer to such indictment should be sustained.

WASHBURN, J.

Heard on demurrer to indictments.

In these indictments the defendants are indicted for converting to their own use $100 of a certain fund, which all of the

*Leave to file petition in error refused by the Supreme Court.

counts in the indictments charge was the property of Lorain county.

There are thirteen counts in all in both indictments, but they all refer to the same $100, the offense being charged in different ways. In ten of the thirteen counts the fund is charged as being the property of Lorain county, by virtue of a bequest, which was in the words and figures following, to-wit:

"(10.) All the rest and residue of my estate, I give, devise and bequeath to the directors in trust and their successors in office of the Lorain County Infirmary, to be used by them to the best interests in caring for the poor and inmates of said infirmary."

The other three counts of the indictment charge said fund as being the property of Lorain county; but do not set forth how it became the property of Lorain county, whether by taxation, by bequest or otherwise.

The matter is submitted to the court upon a demurrer to each count of the indictment.

"An indictment or information for embezzlement must show the ownership of the property alleged to have been embezzled with the same particularity as in a prosecution for larceny." 15 Cyc., page 517.

"Ownership must be alleged, and with the same accuracy and after the same rules as a common law larceny." 2d Bishop's New Criminal Procedure, Sec. 320.

In the 18th O. S., page 497, referring to the law of Ohio in reference to embezzlement, the court say:

"In an indictment under that act, it is sufficient to allege that the money embezzled was public money belonging to the several municipalities named in the act, or to one or more of them, without stating the respective amounts belonging to each."

Thus recognizing the principle as laid down in the authorities cited above, that in an indictment for embezzlement the ownership of the thing embezzled must be set out in the indictment.

Now as I have said, in all of the counts of these indictments, the property is alleged to be the property of Lorain county, and in ten of them the bequest by which it is claimed the ownership of the fund is shown to be in the county of Lorain is set out.

It is claimed on the part of the defendants that this bequest, which is set forth in the indictment, establishes the fact as a matter of law, that the property claimed to have been embezzled was not the property of Lorain county.

It is claimed by the defendants and is conceded by the prosecuting attorney, that there is no law in the state of Ohio, which enables the board of infirmary directors to accept a bequest like this on behalf of the public; of course they may accept it as individuals the same as any other individual might accept such a trust.

As bearing upon whether this is the property of Lorain county, a case in the 39th O. S., at page 153, is very important. That was a devise to the trustees of Marion township, Allen county, Ohio. And the law was then and is now, that the trustees of a township have authority to receive such bequests for the benefit of the poor; but the bequest in that case was not to the township; it was "to the trustees of Marion township, and their successors perpetually, for the exclusive benefit of the poor of the township."

And they were given authority to manage the trust, "as they think best for the benefit of said poor."

And it was held in that case, notwithstanding the fact that the trustees had authority to receive such a bequest, that it did not become the property of the township, but was to be held by the trustees, and managed by them as they should think best for the benefit of the poor.

If it had been devised to the township then it would have been township property, and the trustees would have had to handle the property under the law governing the property of the township, and in that event they could have loaned it out only upon mortgage security; they did loan it out without taking mortgage security, and the Supreme Court held that they had the authority to do so, because they took it as trustees and not as the property of the county.

If the trustees of the township in that case under that devise, when the law gave them authority to receive the property as property of the township, did not take it as such, it would seem to follow that in the case at bar, where the directors of the infirmary are not authorized by law to receive the property in

question as the property of Lorain county, and where they are not named in the will by their official title, that the property in question was not the property of Lorain county, but was held by the directors as trustees to administer a charitable trust in accordance with the terms of the will creating such trust.

There is nothing in the will which says that the property in question was given to Lorain county, and there is no law permitting the infirmary directors as a board to take such property for Lorain county, even if such was the intention of the person who made the will.

The directors held the money as trustees, to use, not for the benefit of Lorain county, but for the benefit of the inmates of the infirmary, to provide said inmates with luxuries and things not furnished by the county, and not for the purpose of relieving the county of responsibility in the discharge of its duty to such inmates.  It would have made no difference to Lorain county if the fund had been left to the president of the National Bank and his successors in office to administer; in that event the county would not have owned it.

If it was owned by Lorain county it should have been in the treasury of Lorain county.  The infirmary directors had no authority to deposit in the bank money belonging to Lorain county; the treasury is the place provided by law for the deposit of the money of the county.

So it seems very plain to me that in these indictments they show upon their face that as a matter of law this property did not belong to Lorain county, and thus the allegation in those counts that the property belonged to Lorain county is nullified, and those counts are left the same as if no allegation of ownership was contained therein, and in that event they fail to state one of the essential things that should be stated in an indictment for embezzlement.  And the demurrer to them should be sustained.

The demurrer will therefore be sustained on the ground indicated as to counts one and two in case number 2961, and as to counts one, two, three, four, five, six, seven and eight in the indictment number 2962.

In the first count of the indictment under 2961 and in the first, second, third, fourth and eighth counts of indictment num-

ber 2962, the allegation is that the fund embezzled was public property, the defendants "being charged" as public officers "with the receipt, safe-keeping and disbursement" thereof.

These counts are all drawn under Section 6841 of the Revised Statutes of Ohio, which applies only to public funds; all these counts showing on their face that the funds in question are not public funds, the demurrer as to those counts will be sustained also, on the ground that the defendants were not charged as public officers with the receipt, safe-keeping and disbursement of said fund.

The three last counts of indictment number 2962 do not, as I have stated, set forth how said fund became the property of Lorain county; but simply alleges that it is the property of Lorain county.

The court can not say on demurrer that the allegation in these three counts is untrue, and as the defendant, Forbes, in these three counts is charged with embezzlement as clerk, agent, employe and servant of the board of infirmary directors, and is charged with having converted to his own use money coming into his hands by virtue of his employment, these counts charge a crime under Section 6842, and the demurrer to them will be overruled.

*F. M. Stevens*, Prosecuting Attorney, for plaintiff.

*Q. A. Gillmore, A. E. Lawrence* and *Chamberlain & Hamlin*, for defendants.